Linda J. Lynch, Esq. SBN: 88811
John A. Shupe, Esq., SBN: 87716
Eric K. Shiu, Esq., SBN: 156167
LYNCH AND SHUPE, LLP
700 Airport Blvd., Suite 410
Burlingame, CA 94010
Telephone:     (650) 579-5950
Facsimile:      (650) 579-0300

Attorneys for
The Board of Trustees of the California State University, which is the State of California acting in its higher education capacity (erroneously sued as "The Board of Trustees of California State University, D.B.A San Francisco State University")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE SHAW-OWENS, an individual, | CASE NO: C13-2627 KAW |
| Plaintiffs, | **DEFENDANT BOARD OF TRUSTEES' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM AND/OR LACK OF SUBJECT MATTER JURISDICTION [RULES 12(b)(6), 12(b)(1), F.R.C.P.]** |
| v. | |
| THE BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY, D.B.A SAN FRANCISCO STATE UNIVERSITY, | |
| Defendants. | Date: September 5, 2013 |
| | Time: 11:00 A.M. |
| | Dept.: Courtroom 4, 3rd Floor |

## NOTICE OF MOTION

TO THE PLAINTIFF AND TO HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 5, 2013 at 11:00 A.M., or as soon thereafter as the matter can be heard in the courtroom of the Honorable Kandis A. Westmore, United States District Court, Northern District of California, Oakland Branch,1301 Clay Street, Oakland , CA 94612, Defendant Board of Trustees of the California State University, which is the State of California acting in its higher education capacity ("Defendant Board")  will and hereby does move the Court to dismiss this entire action, or alternatively specified claims therein,  pursuant to Rule 12 (b)(6), Federal Rules of Civil Procedure, for failing to state a claim upon which relief can be granted, and/or pursuant to Rule 12(b)(1),

F.R.C.P., to dismiss the State law claims for lack of subject matter jurisdiction, for the specific reasons set forth in the following paragraphs.

This Motion will be and is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support, the Declaration of counsel, the matters of which judicial notice is requested, if any, and the entire record of this action, and seeks the following relief pursuant to Rule 12(b)(6) and (b)(1), F.R.C.P., as follows:

(1) Plaintiff's claims under the Americans With Disabilities Act, 42 U.S.C. §1201 et seq., are subject to dismissal for failure to allege facts which show that Plaintiff suffers from a covered disability and that she is a qualified disabled person;

(2) Because the federal claims in this suit are subject to dismissal, the Court will have no subject matter jurisdiction over the remaining State law claims, and should therefore dismiss the entire action without prejudice, remanding State law claims to the State Court;

(3) If the Court elects to reach the issue of the validity for pleading purposes of the State law claims, Plaintiff's claims under the California Fair Employment and Housing Act, Government Code §12940 et seq., are subject to dismissal for failure to allege facts which show that Plaintiff suffers from a covered disability, that she is a qualified disabled person, and other elements of the specific causes of action.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

**A. <u>Introduction.</u>** Plaintiff Nicole Shaw-Owens is a former at-will employee of Defendant Board who was properly released from her position after being given the written notice required by Defendant's employment regulations. In this Complaint Plaintiff alleges that her termination from employment, and other employer conduct, was motivated by an unspecified disability which the Complaint describes as a "serious medical condition requiring invasive surgery and recovery." Complaint, ¶20, attached as Exhibit A to Declaration of John Shupe, filed herewith. The Complaint is otherwise silent as to the nature of the supposed disability, and its duration. The Complaint does allege, however, that during the short interval Plaintiff was suffering from her medical problem -whatever it was- she was by her own doctor's order unable to perform her job, and so could not have been "qualified". Complaint, ¶35. As we explain

Lynch and Shupe, LLP
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950

below, the few facts alleged here do not plead a violation of the ADA, and are also insufficient to meet the federal pleading standard with respect to the asserted causes of action under California's FEHA.

**B. <u>Statement of Issues To Be Decided.</u>** This Motion raises the following issues for the Court to decide:

(1) Whether Plaintiff's claims under the Americans With Disabilities Act, 42 U.S.C. §1201 et seq., are subject to dismissal for failure to allege facts which show that Plaintiff suffers from a covered disability and that she is a qualified disabled person;

(2) If the Court determines that the Complaint does not plead a federal cause of action, should the Court dismiss the remaining State law claims without prejudice and remand back to the State Courts, without reaching the issue of whether the Complaint alleges facts sufficient to plead FEHA claims for disability discrimination, failure to engage in the interactive process and failure to reasonably accommodate; and

(3) Whether Plaintiff's claims under the California Fair Employment and Housing Act, Government Code §12900 et seq., are subject to dismissal for failure to allege facts which show that Plaintiff suffers from a covered disability and that she is a qualified disabled person, and other specified elements of the FEHA causes of action she alleges.

**C. <u>Argument</u>**. Rule 12(b)(6), Federal Rules of Civil Procedure, authorizes the Court to dismiss a complaint, or a claim within a complaint, for failure to allege facts showing a plausible right to relief on the specified theory of recovery. In 2009 the Supreme Court applied the Rule 12(b)(6) standard trial courts must use in assessing whether a complaint adequately pleads a cause of action. In *Ashcroft v. Iqbal*, 556 U.S.662, 129 S. Ct. 1937 (2009), the Court ruled that to state a cause of action a claim must have "facial plausibility". A claim only reaches that level if it asserts facts, not conclusions or threadbare recitals of the elements of the claim, which if taken as true allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Moreover, alleging facts which are merely consistent with a defendant's liability is insufficient. 129 C. Ct. at 1949-1954. The Ninth Circuit has ruled that the District Court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in a complaint. *Clegg v. Cult*

Lynch and Shupe, LLP
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950

**DEFENDANT BOARD OF TRUSTEES' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM, LACK OF JURISDICTION [RULE 12(b)(1), (6), F.R.C.P.]** Page 3

1  *Awareness Network*, 187 F.3d 752, 754-55 (9th Cir. 1999).   Measured against this standard Ms. Shaw-
2  Owens' complaint is defective, and should be dismissed.

3       1. <u>The First Claim For Relief, Under ADA, Is Defective For Failure to Plead Facts Which Support
4 Inferences That Plaintiff's Medical Condition Is A Covered Disability And That She Was Qualified.</u>

5       The elements of an ADA employment claim are identical regardless of whether Plaintiff is
6 proceeding under Title I or Title II. Those elements are that the claimant has a disability (as defined in
7 42 U.S.C. §12102(2)), that the claimant is qualified to perform the essential functions of her job, and that
8 the claimant has suffered adverse employment action because of the disability. *Hutton v. Elf Etochem*
9 *No. Am., Inc.,* 273 F.3d 884, 895 (9th Cir. 2001). According to the governing statute, to be a covered
10 disability the physical condition must "substantially limit one or more of the major life activities" of the
11 Plaintiff. 42 U.S.C. §12102(2).  The word "substantially" in the phrase "substantially limits", and the
12 word "major" in "major life activities", have been construed by the Supreme Court:

13       "We therefore hold that to be substantially limited in performing
14       manual tasks, an individual must have an impairment that prevents
      or severely restricts the individual from doing activities that are of
15       of central importance to most people's daily lives. The impairment
      must also be permanent or long-term."
16 *Toyota Motor Manufacturing, Ky., Inc. v. Williams*, 534 U.S. 184, 197 (2002).

17       An ADA lawsuit can be dismissed at the pleading stage for failure to allege facts which show a
18 covered disability. E.g., *Sutton v. United Airlines, Inc.*, 527 U.S. 471 (1999) With respect to whether our
19 Plaintiff has (or at the time of the challenged employer actions had) a covered disability, our Complaint
20 alleges:

21       ● Plaintiff had an unspecified "serious medical condition requiring invasive surgery and
22       recovery." Complaint, ¶20

23       ● That on March 1, 2012, Plaintiff informed her employer that she would be "unable to
24       attend the... meeting on March 5th due to a minor medical procedure." Complaint, ¶32.

25       ● Beginning March 12, 2012 Plaintiff was advised by her doctor to be off work due to
26       debilitating abdominal pain, Complaint, ¶35, and her scheduled surgery was pushed back
27       to April 13, 2012 due to her unexpected elevation in blood pressure and continuous pain,
28

**Lynch and Shupe, LLP**
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950

**DEFENDANT BOARD OF TRUSTEES' NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM, LACK OF JURISDICTION
[RULE 12(b)(1), (6), F.R.C.P.]**       Page 4

Case3:13-cv-02627-SI Document4 Filed07/26/13 Page5 of 10

Lynch and Shupe, LLP
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950

        making her unable to work, Complaint, ¶36.

        ● On April 13, 2013 Plaintiff had her scheduled surgery, which resolved her unspecified medical problem. Complaint, ¶45.

In *Toyota Motor Manufacturing* the Court pointed out the type of evidence which would not be sufficient to trigger application of the ADA. To qualify as a covered disability, "the impairment must... be permanent or long-term. [Citation Omitted] It is insufficient for individuals attempting to prove disability status under this test to merely submit evidence of a medical diagnosis of an impairment. Instead, the ADA requires those 'claiming the Act's protection... to prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their own experience... is substantial.'" *Toyota Motor Manufacturing*, supra, at 198. Here, Ms. Shaw-Owens' Complaint does not even offer us a diagnosis, much less plead facts from which the Court could infer that her unknown impairment was "permanent or long-term", and that it substantially limited a major life activity. Indeed, the few facts pleaded tend to negate that element. The Complaint expressly alleges that Plaintiff's period of inability to work due to her medical impairment lasted less than 60 days, and was resolved by surgery. Complaint, ¶¶35, 45.

The Complaint is also insufficient to plead the "qualified" element of the claim. "The term qualified individual means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position." E.g., Ninth Circuit Pattern Instruction, 12.6 ADA-Qualified Individual, attached as Exhibit B to Shupe Declaration. Here, the Complaint neither asserts that Plaintiff was a qualified individual nor alleges any facts from which the Court might reasonably infer that conclusion. Rather, the Complaint asserts facts from which the opposite inference should be drawn: that for the period of time including when she was "effectively terminated", see Complaint ¶41, Ms. Shaw-Owens was by virtue of her unidentified medical condition *completely unable to work*. Complaint, ¶¶35-41. One who by virtue of a medical condition is completely unable to work could not be a "qualified individual".

**DEFENDANT BOARD OF TRUSTEES' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM, LACK OF JURISDICTION [RULE 12(b)(1), (6), F.R.C.P.]**     Page 5

Lynch and Shupe, LLP
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950

1  For pleading purposes a claim in federal court only reaches the level of "facial plausibility" sufficient to avoid a 12(b)(6) Motion if it asserts facts, not conclusions or threadbare recitals of the elements of the claim, which if taken as true allow the court to draw the reasonable inference that the elements of the claim actually exist. *Ashcroft v. Iqbal*, supra, 556 U.S.662, 129 S. Ct. 1937. Alleging facts which are merely consistent with a defendant's liability is insufficient. Id. Unless and until she is able to allege facts showing that she had a covered disability and that she was a qualified individual, Ms. Shaw-Owens' ADA claim is subject to dismissal. If, as we suspect, Ms. Shaw-Owens' supposed disability was her temporary (approximately 61 day) medical issue resolved by surgery, no amendment could cure this deficiency. *Toyota Motor Manufacturing, Ky., Inc. v. Williams*, supra, 534 U.S. at 197 (condition must be permanent or long term). The federal claim should be dismissed with prejudice.

2. <u>The Court Should Dismiss the Remaining State Law (FEHA) Claims Without Prejudice And Remand Them To State Court Rather Than Assert Jurisdiction Over Them</u>. The first claim for relief, described above, is the only federal cause of action in this lawsuit. We submit that it is subject to dismissal under Rule 12(b)(6) because it has not and cannot allege that Ms. Shaw-Owens had a covered disability, and/or that at the time her disability prevented her from working she was a qualified individual. If the Court agrees, we request that the Court dismiss the remaining State law claims, without prejudice, and remand them to the State Court. The Court has discretion to refuse to exercise its supplemental jurisdiction over related State law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). It appears that the better practice is to avoid exercising supplemental jurisdiction when there is no federal claim in the case. The Ninth Circuit recently gave this direction to a District Court with respect to State law causes of action which remained after the federal claims were dismissed pursuant to Rule 12(b)(6). *Hif Bio v. Yung Shin Pharmaceutical Indus.*, 600 F.3d 1347, 1357 (9th Cir. 2010).

If the Court elects to reach the FEHA claims, for the reasons stated below Defendant asserts that FEHA claims are also insufficiently alleged to meet the *Ashcroft v. Iqbal* pleading standard.

3. <u>The Second Through Fourth Claims For Relief, Under FEHA, Are Defective For Failure to Plead Facts Which Support Inferences That Necessary Elements Of Each Claim Exist.</u>

The second (disability discrimination), third (failure to engage in the interactive process) and

**DEFENDANT BOARD OF TRUSTEES' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM, LACK OF JURISDICTION [RULE 12(b)(1), (6), F.R.C.P.]**  Page 6

**Lynch and Shupe, LLP**
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950

fourth (failure to provide a reasonable accommodation) claims for relief are all pleaded as causes of action under California Government Code section 12940 et seq., the Fair Employment and Housing Act. The elements of these claims are well developed by California Courts. To survive this 12(b)(6) Motion the Complaint must allege facts -not conclusions, or threadbare recitals of the elements, or facts which are merely consistent with liability- which allow the Court to reasonably infer that the element exists. This Complaint fails that test as to each of the FEHA claims. E.g., *Michael v. City of Santa Rosa*, 695 F. Supp.2d 1001, 1009 (N.D. Cal. 2010) (FEHA gender discrimination complaint dismissed under Rule 12(b)(6) for failure to plead facts which would tend to establish the elements of the claim).

(a) <u>The FEHA Claim for Disability Discrimination Does Not Plead that Plaintiff Has a Covered Disability or Is Qualified.</u> The elements of this cause of action are set out in California Judicial Council Civil Jury Instructions, No. 2540, copy attached to Shupe Declaration as Exhibit C. Plaintiff must allege facts from which the Court can infer the existence of, among others, the following matters:

(i) that Plaintiff had, or was perceived to have, a physical or mental condition which limited a major life activity, meeting the definition of Government Code section 12926(j) or (l); or had a medical condition which met the definition of Government Code section 12926(i); and

(ii) that Plaintiff, with or without reasonable accommodation, could perform the essential elements of her job. *Green v. State of CA* (2007) 42 Cal.4th 254, 257-8 (plaintiff's burden to allege facts showing that she was a qualified employee). Our Complaint meets neither of these criteria.

Under FEHA, a physical condition is not a covered disability unless it limits a major life activity. Government Code §12926(l). Our Complaint does not allege which, if any, major life activity of the Plaintiff was restricted by her supposed disability, nor is there any express allegation of how or why the supposed disability caused a limitation. The Complaint seems to imply that the major life activity at issue is working, and that Plaintiff's medical condition requiring corrective surgery is the supposed disability. Complaint, ¶¶20, 26, 35-45. However, under California law for an employee suffering a short term medical condition to trigger the employer's FEHA liability, the employee's notice to the employer must say more than just that she suffers from an unspecified medical condition requiring surgery. *Avila v. Continental Airlines, Inc.* (2008) 165 Cal. App.4th 1237, 1249. Yet that is all our Complaint alleges.

**DEFENDANT BOARD OF TRUSTEES' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM, LACK OF JURISDICTION [RULE 12(b)(1), (6), F.R.C.P.]** Page 7

Complaint, ¶20. Nor does Plaintiff's unspecified illness trigger liability for discrimination based on "medical condition", see Government Code section 12926(i), because there is no allegation that the "condition" was related to either cancer or a genetically driven disease.

The Complaint is equally defective with respect to the "qualified individual" element of the disability discrimination claim. It is completely silent as to whether Plaintiff was able to perform her job with or without reasonable accommodation. Indeed, the only affirmative allegation on this critical point suggests that Plaintiff has no claim. Paragraph 35 of the Complaint states that beginning March 12, 2012 and apparently through the date of her surgery 31 days later (see Complaint, ¶45) Plaintiff was ordered off work by her doctor due to her medical issue. The most reasonable inference to draw is that during this interval –which is the only significant interference with work interval the Complaint identifies– Plaintiff was not able to work, with or without accommodation. Thus, the most reasonable inference from the few facts alleged is that Plaintiff was not a qualified individual, and thus not entitled to sue under FEHA.

(b) <u>The FEHA Claim for Failure to Engage in the Interactive Process Does Not Plead Essential Elements of that Claim</u>. The purpose of the interactive process is to "determine effective reasonable accommodations, if any, in response to a request for reasonable accommodations by an employee...". Government Code §12940(n). To prove a failure to engage in the interactive process cause of action, the plaintiff must show that she had a covered disability and was qualified, but must also show that she both requested and was willing to engage in the discussion/information exchange process which is designed to lead to an employer decision regarding a requested accommodation. CACI 2546. Moreover, in the First Appellate District from which our suit arises, the employee asserting this cause of action must also demonstrate that a reasonable accommodation was possible. *Nadaf-Rahrov v. The Neiman Marcus Group, Inc*. (2008) 166 Cal. App.4th 952, 980-985. Without that showing no cause of action for failure to engage in the interactive process is possible. Id.

Our Complaint falls far short of alleging facts from which the Court could reasonably infer the existence of these elements. As noted above, there is no allegation that Plaintiff has a covered disability, or was a qualified individual. More to the point, there is no allegation that a reasonable accommodation was either possible or necessary due to Plaintiff's condition. There is no allegation that Plaintiff

**DEFENDANT BOARD OF TRUSTEES' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM, LACK OF JURISDICTION [RULE 12(b)(1), (6), F.R.C.P.]** Page 8

1 requested any accommodation, reasonable or otherwise. There is no allegation that Plaintiff requested
2 her employer to engage in the interactive process. There is no allegation that the employer learned of the
3 need for accommodation and refused to engage in the interactive process. The few factual allegations in
4 the Complaint actually imply the opposite: that during the period of time that included her "effective
5 dismissal" Plaintiff was medically unable to do her job, with or without accommodation, and that neither
6 her doctor nor she personally informed Defendant that with some accommodation she could in that
7 interval return to work. Defendant's Rule 12(b)(6) Motion should be granted as to this State law claim.

(c) <u>The FEHA Claim for Failure to Provide a Reasonable Accommodation Does Not Plead Essential Elements of that Claim</u>. Government Code section 12940(m) makes it an unlawful employment practice for an employer to "fail to make reasonable accommodation for the known physical or mental disability of an... employee", except where to do so would cause "undue hardship". A reasonable accommodation is a modification or adjustment to the workplace that enables the employee to perform the essential functions of the job. *Wills v. Superior Court* (2011) 194 Cal. App.4th 312, modified, rev. den. That Plaintiff has a covered disability, and that she is qualified, are both necessary elements of the claim. *Cuiellette v. City of Los Angeles* (2011) 194 Cal. App.4th 757.

As with respect to the federal ADA, under FEHA the mere fact that a claimant has been diagnosed with an impairment or medical condition, without more, does not establish a covered disability. See, CACI 2541.[1] Yet this is all our Complaint alleges: that Plaintiff told her employer that she had an unspecified medical condition which required surgery. Complaint, ¶20. There is no express allegation that Plaintiff has a covered disability, and no allegation –express or implied– that she was a qualified individual. There is no allegation that a reasonable accommodation was either possible or necessary due to Plaintiff's condition. There is no allegation that Plaintiff requested any accommodation, reasonable or otherwise. There is no allegation that Plaintiff requested her employer to engage in the interactive

---

[1]. Unlike an FEHA claim for disability discrimination, a claim for failure to provide reasonable accommodation requires the employee to demonstrate the existence of a covered physical or mental disability. §12940(m). To the extent Plaintiff bases her failure to accommodate claim on a failure to accommodate a "medical condition", her claim fails for two reasons: first, because section 12940(m) is not triggered by a medical condition not amounting to a physical or mental disability; second, because the Complaint does not identify Plaintiff's medical issue as cancer or a genetically driven disease. §12926(I).

**Lynch and Shupe, LLP**
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950

**DEFENDANT BOARD OF TRUSTEES' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM, LACK OF JURISDICTION [RULE 12(b)(1), (6), F.R.C.P.]** Page 9

1 process to determine an accommodation. There is no allegation that the employer learned of the need for accommodation and refused to provide one. These are all necessary allegations to state an FEHA claim for failure to accommodate. They are all missing. The few factual allegations in the Complaint actually imply that during the period of time which included her "effective dismissal" Plaintiff was medically unable to do her job, with or without accommodation (Complaint, ¶¶35-45); and that neither her doctor nor she personally informed Defendant that with some accommodation she could in that interval return to work. Id. Defendant's Rule 12(b)(6) Motion should be granted as to this State law claim.

**D. Conclusion.** The Complaint fails to plead facts from which the Court could plausibly infer the existence of the elements of an ADA claim for disability discrimination, because it does not demonstrate either a covered disability or that Plaintiff was a qualified employee. The single federal claim in this lawsuit is therefore subject to dismissal under Rule 12(b)(6). If, as we suspect, Plaintiff's supposed disability was a short term medical issue corrected by surgery, Plaintiff will be unable to amend to plead a valid federal claim, and it should be dismissed with prejudice.

Rather than reach the sufficiency of the remaining State law claims, which alone do not create federal jurisdiction, the Court should exercise its discretion and dismiss those claims without prejudice, remanding them to State Court.

To the extent the Court elects to rule on the sufficiency of the FEHA claims, as we have demonstrated the Complaint fails to plead facts from which the Court can plausibly infer that essential elements of those claims exist. For that reason the three FEHA claims are also subject to dismissal under Rule 12(b)(6).

Dated: July 26, 2013

Respectfully Submitted,

LYNCH AND SHUPE, LLP

/s/ John A. Shupe

_____

John Shupe, attorneys for Defendant

**DEFENDANT BOARD OF TRUSTEES' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM, LACK OF JURISDICTION [RULE 12(b)(1), (6), F.R.C.P.]** Page 10