United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICOLE SHAW-OWENS,

    Plaintiff,

v.

THE BOARD OF TRUSTEES OF
CALIFORNIA STATE UNIVERSITY, dba
SAN FRANCISCO STATE UNIVERSITY,

    Defendant.

No. C 13-2627 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**

Defendant's motion to dismiss the complaint is scheduled for hearing on September 6, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion to dismiss the complaint with leave to amend. If plaintiff wishes to amend the complaint, plaintiff must do so by **September 16, 2013**.

**BACKGROUND**

On June 7, 2013, plaintiff Nicole Shaw-Owens filed a complaint against defendant The Board of Trustees of California State University, San Francisco State University (sometimes "SFSU"). The complaint alleges that plaintiff was employed by SFSU since January, 2009, as the Change and Budget Manager in the Safety and Risk Management Environmental Health and Safety Department. Compl. ¶ 10. In October of 2011, plaintiff was diagnosed with a serious medical condition, requiring surgery. *Id.* ¶ 20 Plaintiff suffered from "severe health conditions" which "substantially impaired plaintiff's

major life functions," including work. Compl. ¶ 50. On March 12, 2012, plaintiff was instructed by her doctor to be off of work prior to a scheduled surgery due to her "debilitating abdominal pain." *Id.* ¶ 35. The surgery date was pushed back due to complications, causing plaintiff to extend her medical leave until April 13, 2012. *Id.* ¶¶ 36-40. On April 1, 2012, while on medical leave, plaintiff was "effectively terminated." *Id.* ¶ 41. On or about April 13, 2012, plaintiff underwent "major surgery" with a successful outcome. *Id.* ¶ 45.

The complaint alleges that "[d]uring Plaintiff's disability and thereafter, Plaintiff became subjected to the actions and conduct as alleged above on account of disability" in violation of the Americans with Disabilities Act ("ADA") and the California Fair Employment Housing Act ("FEHA"). *Id.* ¶¶ 51, 61. The complaint also alleges claims for failure to engage in the interactive process in violation of FEHA and failure to reasonably accommodate in violation of FEHA.

Now before the Court is defendant's motion to dismiss the complaint for failure to state a claim.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion [s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

///

**DISCUSSION**

Defendant contends that the complaint is conclusory and that plaintiff has not sufficiently alleged the elements of an ADA claim.[1] Defendant first argues that plaintiff has not alleged enough facts to show that she had a "disability" under the ADA. Defendant argues that the complaint only alleges that plaintiff had an unidentified medical condition that lasted less than two months and only required her to take one month of sick leave.

The Court concludes that plaintiff has not alleged enough facts in her pleading to state a plausible claim entitling her to relief under the ADA. The ADA describes a disability as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. §12102(1)(A) (2009). Here, the complaint contains the conclusory allegation that plaintiff had "serious health conditions which substantially impaired Plaintiff's major life functions, including but not limited to work." Compl. ¶ 50. This allegation simply restates the language of the statute and does not show that she is entitled to relief. Plaintiff must allege facts showing that her serious health conditions substantially impaired major life functions, and the complaint should specify those major life activities.

Defendant also contends that because the complaint alleges that plaintiff was temporarily unable to work for the period between March 12, 2012 and April 13, 2012, she is not "disabled" under the statute. Contrary to defendant's assertions, it is not necessary for an impairment to be "permanent or long term" to qualify as a disability for purposes of the ADA. Rather, the question is whether a disability "substantially limits" a major life activity. *See* 29 C.F.R. 1630.2(g)(1)(i) (2012). Federal regulations provide that "the effects of an impairment lasting or expected to last fewer than six months *can be* substantially limiting within the meaning of this section." 29 C.F.R. 1630.2(j)(1)(ix) (2012). Thus, a short term impairment may be considered a disability under the ADA if it is "sufficiently severe" to "substantially limit a major life activity."

Finally, defendant argues that because the complaint alleges that plaintiff was unable to work due to her illness and surgery, she cannot be a "qualified individual" under the ADA. However, whether a person is a "qualified individual" depends on whether she can perform the essential functions of the

---

[1] Defendant seeks judicial notice of plaintiff's employment status as an at will employee at the time of her termination, as well as of state regulations governing at will employees. These matters are beyond the scope of defendant's motion and the Court DENIES defendant's request for judicial notice.

3

job *with or without* reasonable accommodation. 42 U.S.C. § 12111 (8) (2009). Additionally, it is possible that a medical leave may take the form of a reasonable accommodation where the disabled party is unable to work for a period of time. *See* 29 C.F.R. 1630.2(o)(iii)(2)(ii). The complaint implies, but does not explicitly allege, that plaintiff was performing all of the essential functions of her job, and that she needed a reasonable accommodation in the form of an additional medical leave. If plaintiff amends the complaint, the amended complaint should allege facts showing that plaintiff was performing the essential functions of her job as well as the reasonable accommodation she required for her disability.[2]

## CONCLUSION

Accordingly, the Court GRANTS defendant's motion to dismiss and grants plaintiff leave to amend the complaint. Docket No. 10. The Court also GRANTS plaintiff's request for leave to amend the complaint to allege claims under the federal Family Medical Leave Act and the California Family Rights Act. If plaintiff wishes to amend the complaint, plaintiff must do so by **September 16, 2013**.

**IT IS SO ORDERED.**

Dated: September 4, 2013

SUSAN ILLSTON
United States District Judge

---

[2] Defendant raises similar challenges to plaintiff's FEHA claims. Defendant contends that plaintiff has not adequately alleged that she has a disability, that she was a qualified individual, or that she requested a reasonable accommodation. Defendant also challenges the FEHA failure to engage in the interactive process claim; those arguments are largely duplicative of the other arguments. Although there are some differences between the ADA and FEHA, if plaintiff cures the deficiencies identified in this order, those amendments would also address the FEHA claims.