Linda J. Lynch, Esq. SBN: 88811
John A. Shupe, Esq., SBN: 87716
Eric K. Shiu, Esq., SBN: 156167
LYNCH AND SHUPE, LLP
700 Airport Blvd., Suite 410
Burlingame, CA 94010
Telephone: (650) 579-5950
Facsimile: (650) 579-0300

Attorneys for
The Board of Trustees of the California State University, which is the State of California acting in its higher education capacity (erroneously sued as "The Board of Trustees of California State University, D.B.A San Francisco State University")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE SHAW-OWENS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY, D.B.A SAN FRANCISCO STATE UNIVERSITY,<br><br>Defendants. | CASE NO: C13-2627 SI<br><br>**ANSWER TO AMENDED COMPLAINT** |

Comes now Defendant The Board of Trustees of the California State University, which is the State of California in its higher education capacity (erroneously sued as "The Board of Trustees of California State University, DBA San Francisco State University"), hereinafter referred to as "Board" or "Defendant", and, as and for an Answer to the Amended Complaint of Plaintiff Nicole Shaw-Owens ("Plaintiff"), does now admit, deny and otherwise allege as follows:

1. As and for an answer to the sentence at page 1, lines 22-23 of the Amended Complaint (hereinafter, references to the Amended Complaint will be by either paragraph number, or page and line number thereof), Defendant denies that the entity named as defendant in the Amended Complaint is more than one, single entity.

2. As and for an answer to paragraph 1, Defendant admits that the Amended Complaint pleads subject matter jurisdiction for the stated claims. Defendant denies each and every other allegation in said paragraph.

**ANSWER TO AMENDED COMPLAINT** Page 1

3. As and for an answer to paragraph 2, Defendant admits that venue is appropriate in the San Francisco branch of the United States District Court for the Northern District of California. Defendant denies each and every other allegation in said paragraph.

4. As and for an answer to paragraph 3, Defendant admits only that for more than a year and until March 31, 2012 Plaintiff was employed by Defendant at San Francisco State University. Defendant denies each and every other allegation in said paragraph.

5. As and for an answer to paragraph 4, Defendant admits only that for more than a year and until March 31, 2012 Plaintiff was employed by Defendant at San Francisco State University as a Human Resources Operations and Risk Management manager. Defendant denies each and every other allegation in said paragraph.

6. As and for an answer to paragraph 5, Defendant admits only that it owns and operates the university known as San Francisco State University located in the City and County of San Francisco. Defendant denies each and every other allegation in said paragraph.

7. As and for an answer to paragraph 6, Defendant lacks sufficient knowledge, information or belief to admit or deny said allegations, and on that basis denies each allegation of said paragraph.

8. As and for an answer to paragraphs 7 through 11, inclusive, Defendant admits only that effective January 12, 2009 Plaintiff was hired by Defendant into the Management Personnel Plan ("MPP") at-will position of Human Resources Change and Administrative Manager, Administrator II at the salary of $7000 per month, $84,000 annually, subject in part to the written conditions of employment which she signed on January 13, 2009, the job duties of which were as defined by her supervisors. Defendant denies each and every other allegation in said paragraphs.

9. As and for an answer to paragraphs 12 through 17, inclusive, Defendant admits only that initially in her employment with Defendant Plaintiff was partially supervised by Lori Gentles and partially supervised by Michael Martin; and that later in her employment with Defendant Plaintiff was supervised by Michael Martin. Defendant denies each and every other allegation in said paragraphs.

10. As and for an answer to paragraphs 18 and 19, Defendant denies each and every allegation in said paragraphs.

**ANSWER TO AMENDED COMPLAINT**                                                                                                   Page 2

11. As and for an answer to paragraph 20, Defendant lacks sufficient knowledge, information or belief to admit or deny said allegations, and on that basis denies each allegation of said paragraph.

12. As and for an answer to paragraphs 21 and 22, Defendant admits only that Plaintiff never indicated to Defendant, explicitly or impliedly, that she had a disability or any other condition requiring any work accommodation or the need to discuss work accommodations. Defendant denies each and every other allegation in said paragraphs.

13. As and for an answer to paragraphs 23 through 25, inclusive, Defendant admits only that Plaintiff had a propensity to not indicate to her supervisor that she was taking time off, and/or to be other than at work during work hours, and that Plaintiff's supervisor communicated with Plaintiff about that propensity with the intent of correcting the problem. Defendant denies each and every other allegation in said paragraphs.

14. As and for an answer to paragraphs 26 through 28, inclusive, Defendant admits only that in early 2012 Defendant fairly and objectively evaluated Plaintiff's work performance as unsatisfactory in several respects including timely completion of assigned work, and on one or more occasions reminded Plaintiff of the need to timely finish her assigned work. Defendant denies each and every other allegation in said paragraphs.

15. As and for an answer to paragraphs 29 through 32, inclusive, Defendant admits only that Plaintiff and Mr. Martin did communicate by email; that Mr. Martin was required to remind Plaintiff about the location of a meeting between the two of them; and did encourage Plaintiff to communicate more often with him about work related matters including communicating verbally with him. Defendant denies each and every other allegation in said paragraphs.

16. As and for an answer to paragraph 33, Defendant admits only that by Memo dated February 24, 2012, Plaintiff was informed that she had been approved for a one-time lump sum MPP Merit bonus in recognition of her past work in reducing hazardous waste disposal expenditures. Defendant denies each and every other allegation in said paragraph.

17. As and for an answer to paragraph 34, Defendant admits only that Plaintiff occasionally notified Defendant of her need to miss meetings. Defendant denies each and every other allegation in said paragraph.

**ANSWER TO AMENDED COMPLAINT** Page 3

18. As and for an answer to paragraphs 35 and 36, Defendant admits only that the cited federal statutes and regulations state what they state, nothing more and nothing less. Defendant denies each and every other allegation in said paragraphs.

19. As and for an answer to paragraphs 37 and 38, Defendant denies that Plaintiff put off any necessary medical treatment due to job pressures, or at the request or suggestion or order of any employee of Defendant. As to each and every other allegation in said paragraphs, Defendant is without sufficient knowledge, information or belief to admit or deny said other allegations, and on that basis denies each and every such other allegation in those paragraphs.

20. As and for an answer to paragraphs 39 and 40, Defendant admits only that on or about March 9, 2012 Defendant informed Plaintiff that her manager position was ending effective March 31, 2012; and that Defendant simultaneously offered Plaintiff an alternative non-manager position at slightly less annual salary, starting on April 1, 2012; and that the reasons for this personnel action were lawful, non-discriminatory, non-retaliatory and job related. Defendant denies each and every other allegation in said paragraphs.

21. As and for an answer to paragraph 41, Defendant is without sufficient knowledge, information or belief to admit or deny the allegations of said paragraph, and on that basis denies each and every such allegation.

22. As and for an answer to paragraph 42, Defendant admits only that Plaintiff first informed Defendant about a specific and definite time and date for surgery after Defendant notified Plaintiff that her manager position was ending. Defendant denies each and every other allegation in said paragraph.

23. As and for an answer to paragraphs 43 and 44, Defendant admits only that because Plaintiff's prior doctor's note indicated that she would return to duty by March 22, 2012, and Plaintiff did not return to work that day nor provide her supervisor with any notice of same, Mr. Martin emailed Plaintiff and requested the required medical extension; and that within a day or two thereafter Plaintiff faxed a doctor's note to Defendant. Defendant is without sufficient knowledge, information or belief to admit or deny the other allegations of said paragraphs, and on that basis denies each and every other allegation in said paragraphs.

**Lynch and Shupe, LLP**
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950

**ANSWER TO AMENDED COMPLAINT** Page 4

24. As and for an answer to paragraphs 45 and 46, Defendant admits only that in March 2012 written communications to Plaintiff from a Payroll Analyst were sent to keep Plaintiff informed regarding the status of her paid leave accounts, and let her know her options pertaining to paid and unpaid leaves, and regarding FMLA leave. Defendant denies each and every other allegation in said paragraphs.

25. As and for an answer to paragraph 47, Defendant admits only that pursuant to the notice provided Plaintiff on March 9, 2012, Plaintiff's appointment to the position of a Human Resources Operations and Risk Management manager ended effective March 31, 2012. Defendant denies each and every other allegation in said paragraph.

26. As and for an answer to paragraphs 48 through 52, inclusive, Defendant denies that Plaintiff ever requested medical leave as a form of reasonable accommodation, denies that Defendant ever formed the intent or desire to deny any reasonable accommodation; and denies that its March 9, 2012 notice that Plaintiff's appointment to the position of a Human Resources Operations and Risk Management manager was ending was a "demotion". As to the balance of the allegations in these paragraphs, Defendant is without sufficient knowledge, information or belief to admit or deny the same, and on that basis denies each and every such allegation thereof.

27. As and for an answer to paragraphs 53 and 54, Defendant admits only that the cited federal statutes state what they state, nothing more and nothing less. Defendant denies each and every other allegation of said paragraphs.

28. As and for an answer to paragraph 55, Defendant admits that in 2012 it employed more than 15 people at the San Francisco State University campus and is otherwise not an entity which the federal ADA exempts from coverage. Defendant denies each and every other allegation in said paragraph.

29. As and for an answer to paragraphs 56 through 61, inclusive, Defendant denies each and every allegation thereof; and further denies that Defendant undertook any act or omission which injured or damaged Plaintiff; and further denies that Plaintiff has suffered any cognizable injury or damage whatsoever.

30. As and for an answer to paragraph 62, Defendant denies each and every allegation thereof.

31. As and for an answer to paragraph 63, Defendant re-alleges its answers to paragraphs 1 through 61, above, as if fully set forth here.

**ANSWER TO AMENDED COMPLAINT** Page 5

Lynch and Shupe, LLP
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950

32. As and for an answer to paragraph 64, Defendant admits only that the FEHA statute states what it states, nothing more and nothing less; and that Defendant is not an exempt entity under FEHA. Defendant denies each and every other allegation in said paragraph.

33. As and for an answer to paragraphs 65 through 71, inclusive, Defendant denies each and every allegation thereof; and further denies that Defendant undertook any act or omission which injured or damaged Plaintiff; and further denies that Plaintiff has suffered any cognizable injury or damage whatsoever.

34. As and for an answer to paragraph 72, Defendant denies each and every allegation thereof.

35. As and for an answer to paragraph 73, Defendant re-alleges its answers to paragraphs 1 through 71, above, as if fully set forth here.

36. As and for an answer to paragraph 74, Defendant admits only that the FEHA statute states what it states, nothing more and nothing less. Defendant denies each and every other allegation in said paragraph.

37. As and for an answer to paragraphs 75 through 80, inclusive, Defendant denies each and every allegation thereof; and further denies that Defendant undertook any act or omission which injured or damaged Plaintiff; and further denies that Plaintiff has suffered any cognizable injury or damage whatsoever.

38. As and for an answer to paragraph 81, Defendant denies each and every allegation thereof.

39. As and for an answer to paragraph 82, Defendant re-alleges its answers to paragraphs 1 through 80, above, as if fully set forth here.

40. As and for an answer to paragraph 83, Defendant admits only that the FEHA statute states what it states, nothing more and nothing less. Defendant denies each and every other allegation in said paragraph.

41. As and for an answer to paragraphs 84 through 88, inclusive, Defendant denies each and every allegation thereof; and further denies that Defendant undertook any act or omission which injured or damaged Plaintiff; and further denies that Plaintiff has suffered any cognizable injury or damage whatsoever.

**Lynch and Shupe, LLP**
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950

42. As and for an answer to the Prayer, Defendant denies each and every allegation thereof; and further denies that Plaintiff has been injured or damaged by any act or omission of this Defendant; and further denies that Plaintiff has suffered any cognizable injury or damage whatsoever; and further denies that Plaintiff is entitled to any of the relief she requests in the Prayer.

**AFFIRMATIVE DEFENSES**

1. AS AND FOR A FIRST AFFIRMATIVE DEFENSE, defendant asserts that the amended complaint and each and every cause of action therein fails to state a claim upon which relief may be granted.

2. AS AND FOR A SECOND AFFIRMATIVE DEFENSE, defendant is immune from liability for actions of its employees done within the scope of their discretionary duties and official functions. (Gov. Code §§ 815, 815.2, 820.2.)

3. AS AND FOR A THIRD AFFIRMATIVE DEFENSE, the Court lacks subject matter jurisdiction over State law claims and causes of action; or, in the exercise of its discretion the Court should decline to accept supplemental jurisdiction over State law claims and causes of action.

4. AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, plaintiff's claims are barred by plaintiff's conduct amounting to waiver and/or estoppel.

5. AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, plaintiff was and is under a duty to minimize the damages complained of, if any there are; plaintiff has failed, neglected and refused to so minimize such damages and injuries, and by reason of such failure, neglect and refusal has increased her damages and injuries, and is not entitled to recover therefore.

6. AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, the injuries and damages complained of by plaintiff, if any there were, were either wholly or in part directly and proximately caused by the negligence or intentional misconduct of persons or entities other than this defendant and said negligence or other misconduct is either imputed to plaintiff by reason of the relationship between plaintiff and said persons or entities, or comparatively reduces the proportion of fault and corresponding liability of this defendant.

7. AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, defendant alleges plaintiff's complaint is barred by the applicable statutes of limitations including, without limitation, California Government Code sections 12960, 12965(b), and 42 U.S.C. §§ 2000e-5(e)(1), and 2000e-5(f)(1).

8. AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, claims for declaratory, or injunctive or other equitable relief are barred by plaintiffs' unclean hands; or by laches; or because there is an adequate remedy at law, or because the equities do not favor Plaintiff.

9. AS AND FOR A NINTH AFFIRMATIVE DEFENSE, any claim brought under Title VII or ADA is barred because plaintiff did not timely present a charge to EEOC, and any claim brought under FEHA is barred because Plaintiff did not timely present a charge to DFEH.

10. AS AND FOR A TENTH AFFIRMATIVE DEFENSE, any Title VII or ADA causes of action not mentioned in the plaintiff's charge to EEOC, and any FEHA claims not mentioned in plaintiff's charge to DFEH, are barred for plaintiff's failure to comply with the Title VII/ADA and/or FEHA claims presentation requirements; and any Title VII and/or ADA causes of action not investigated by EEOC or DFEH are barred by the same rule.

11. AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, causes of action brought under Title VII/ADA and/or FEHA are barred because they were not timely filed following plaintiff's receipt of her EEOC and DFEH right to sue letters, therefore violating the applicable statutes of limitations.

12. AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, in each and every case in which discriminatory treatment is alleged by plaintiff there was a valid, lawful, business-related non-discriminatory reason for such treatment.

13. AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, in each and every case in which retaliatory treatment is alleged by plaintiff, the action taken against Plaintiff was for a valid, lawful, business related non-discriminatory reason.

14. AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, in each and every case in which discriminatory and/or retaliatory treatment is alleged by plaintiff, said treatment did not affect a term, condition or privilege of employment.

**ANSWER TO AMENDED COMPLAINT** Page 8

15. AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, to the extent that the trier of fact determines that defendant's conduct constituted discrimination or retaliation, defendant had a good faith, lawful, business justification for its conduct and plaintiff's claim is therefore barred.

16. AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, if the trier of fact determines that defendant's conduct toward plaintiff constituted discrimination and/or retaliation, defendant would have made the same employment decision regarding plaintiff due to good faith, lawful business reasons, even if defendant had not considered an illegal motivation, and plaintiff's claim is therefore completely or partially barred.

17. AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, to the extent the complaint asserts federal and state law claims or causes of action other than ADA and FEHA, such claims are barred by the Eleventh Amendment immunity and should be dismissed.

18. AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, claims for punitive or exemplary damages against this defendant are barred, and this defendant is immune from same, by virtue of federal law (*City of Newport v. Fact Concerts*) and state law (California Government Code §818.8).

19. AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE, any failure to accommodate claim is barred by plaintiff's failure to request an accommodation.

20. AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE, any failure to accommodate claim is barred because the accommodation(s) plaintiff demands was not reasonable.

21. AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE, any failure to accommodate claim is barred because plaintiff is unable to perform the essential duties of her job even with reasonable accommodation.

**Lynch and Shupe, LLP**
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950

## **PRAYER**

WHEREFORE, Defendant requests the following relief:

1. Verdict and judgment for defendant and against the plaintiff.

2. For an award of cost and attorneys fees incurred as allowed by law.

3. For such other relief as the court deems proper and just.

Dated: September 26, 2012                                LYNCH AND SHUPE, LLP


                                                          */s/ John A. Shupe*
                                                    By:_____
                                                       John Shupe, attorneys for
                                                              Defendant


## **JURY TRIAL DEMANDED**

Defendant demands a trial by jury in this action.


Dated: September 26, 2012                                LYNCH AND SHUPE, LLP


                                                          /s/ *John A. Shupe*
                                                    By_____
                                                       John Shupe, attorneys for
                                                              Defendant

**Lynch and Shupe, LLP**
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950

**ANSWER TO AMENDED COMPLAINT**                                              Page 10