```
SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
NICOLE SHAW-OWENS
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE SHAW-OWENS, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>THE BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY, D.B.A. SAN FRANCISCO STATE UNIVERSITY,<br><br>    Defendants. | Case No. C13-2627-SI<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Hearing Date: November 25, 2013<br><br>Hearing Time: 9:00 a.m.<br><br>Department: Courtroom 10, 19th Floor |

**TO ALL PARTIES AND THIER ATTORNEYS OF RECORD HEREIN:**

    Plaintiff, Nicole Shaw-Owens, through her counsel of record herein, on the date and time set forth above, or as soon thereafter as counsel may be heard, will and hereby does move the Court, pursuant to Federal Rule 16(b) for an Order granting Plaintiff leave to file a First Amended Complaint. This motion is based upon this Notice of Motion and Motion, the Declaration of Dow

W. Patten filed herewith, and the arguments of counsel. A copy of the Proposed First Amended Complaint is attached to the Declaration of Dow W. Patten as Exhibit "A".

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff, Nicole Shaw-Owens (hereafter"Plaintiff" or "Ms. Shaw-Owens"), by and through her counsel of record, moves the Court for leave to amend her Complaint to add a claim for FMLA Interference.

I.  INTRODUCTION

Plaintiff seeks to leave of Court to file her First Amended Complaint (hereafter "FAC") to add a claim for FMLA Interference . The FAC adds only the following paragraphs:

**FIFTH CLAIM
FMLA INTERFERENCE
(29 U.S.C. § 2612(a)(1)**

89. As a fifth, separate and distinct claim, Plaintiff complains of Defendant and for a claim alleges:

90. Plaintiff was eligible for leave under the Family Medical Leave Act (FMLA).

91. Defendant was an employer subject to the requirements of the Family Medical Leave Act, and it had a legal duty to not interfere with Plaintiff's rights under that Act.

92. Defendant violated the FMLA by terminating Plaintiff's employment because she had taken FMLA leave, while she was on FMLA leave, and by failing to return Plaintiff to her position at the conclusion of her leave.

93. As a proximate and direct result of Defendant's violation of the FMLA, Plaintiff suffered loss, injury and damage in an amount to be determined according to proof at trial.

WHEREFORE, Plaintiff prays for relief as set forth below.

Patten Declaration, Exhibit "A".   Good cause exists for this amendment as discovery has just commenced in this matter, and Defendant does not oppose the motion.  The amendment will not prejudice Defendant and the amendment is not futile. For the reasons set forth below, Plaintiff respectfully requests the Court grant her leave to file a First Amended Complaint.

## II.     LAW AND ARGUMENT

Fed. R. Civ. P. 16(b) governs the amendment of pleadings once the time for amending under the court's Rule 16 scheduling order has lapsed. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. Cal. 1992) Rule 16 is primarily concerned with the existence of "good cause" for the amendment. After "good cause" has been established, the liberal amendment policy of Fed. R. Civ. P. 15(a) applies. Under that rule, leave to amended shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 230 (1962). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order…will not be disturbed unless they evidence a clear abuse of discretion." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985); *Johnson,* 975 F.2d  at 607.

### A.     Good Cause Exists For The Proposed Amendment

The relevant inquiry under Rule 16(b) is the diligence of the party seeking the amendment and not any potential prejudice to the opposing party. *Johnson*, 975 F.2d at 609. In other words, the Court must evaluate "the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citing *Johnson*, 975 F.2d at 609). Any prejudice to the opposing party can be an additional reason to deny a motion to amend, but it is not the main focus of the Court's inquiry. *Johnson*, 975 F.2d at 609.

Plaintiff raised the question of leave to include her FMLA claim with counsel for Defendant prior to the Case Management Conference in this matter.  Pursuant to the schedule set by the Court, Plaintiff provided a proposed first amended complaint to Defendant's counsel, and Defendant's counsel responded that Defendant did not oppose the filing of the First Amended Complaint.

In *United States v. Dang*, 488 F.3d 1135, 1142-43 (9th Cir. 2007), the Ninth Circuit held that a district court did not abuse its discretion despite allowing the government to amend the pleadings after the deadline set in the pre-trial scheduling order because "the court granted the motion based on an overall evaluation of [t]he rights of the parties, the ends of justice, and judicial economy." The court held this way despite the argument that the facts and theories underlying the amendments were available to the government since the inception of the action. *Ibid*. "[A] district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order." *Ibid*. (*quoting Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)).

Similarly, here, Plaintiff requests that based upon the overall evaluation of the ends of justice and judicial economy, the Court grant Plaintiff leave to amend. The FMLA claim is part of the same transactions and occurrences that surround this action. Plaintiff is attempting to amend her pleadings in good faith in order to resolve all claims in one action between the parties.

**B.     Plaintiff's Motion to Amend Should Be Granted Pursuant to Fed. R. Civ. P. 15.**

After the Court has made a determination of good cause under Rule 16(b), the Court considers whether amendment of the complaint is appropriate under the liberal pleading standards of Rule 15. *Johnson,*  975 F.2d at 608.   The Ninth Circuit, in applying Rule 15, has recognized that "the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F.R.Civ.P., by freely granting leave to amend when justice so requires."

*Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (*citing Foman v. Davis*, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)). And, while noting that the decision to grant or deny leave to amend is within the sound discretion of the trial court, the Ninth Circuit has stated that leave to amend should be freely given in the absence of prejudice to the opposing party. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). Whether to grant or deny a motion for leave to amend is generally determined by reference to the following factors: undue delay, bad faith, futility of amendment, prejudice to the opposing party, and repeated failure to cure deficiencies by amendments previously allowed. *Foman*, 371 U.S. at 182; see also *Keniston*, 717 F.2d at 1300; *Howey*, 481 F.2d at 1190.

Here, there has been no undue delay, as the Court has just held the Initial Case Management Conference. Plaintiff is not seeking the amendment in bad faith nor is the amendment futile as the claims are supported by substantial evidence and Plaintiff has exhausted her administrative remedies. Accordingly, this amendment is made in good faith and it is in the interest of justice.

### C. The Amendment Will Not Prejudice Defendant

The filing of Plaintiff's First Amended Complaint will not prejudice Defendant in any way. The parties have not engaged in any discovery to date, and the Plaintiff's deposition has not yet been taken. Defendant does not oppose the filing of the First Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff leave to file her First Amended Complaint.

Dated: October 25, 2013                                         Respectfully Submitted,

                                                         */s/ Dow W. Patten*
                                                         Dow W. Patten, Esq.
                                                         Attorneys for Plaintiff
                                                         NICOLE SHAW-OWENS