SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
NICOLE SHAW-OWENS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE SHAW-OWENS, an individual,<br><br>       Plaintiff,<br><br>       v.<br><br><br><br>THE BOARD OF TRUSTEES OF<br>CALIFORNIA STATE UNIVERSITY, D.B.A.<br>SAN FRANCISCO STATE UNIVERSITY,<br><br>       Defendants. | Case No. C13-2627-SI<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br><br><br>Date:      May 30, 2014<br>Time:     9:00 a.m.<br>Department: Courtroom 10, 19th Floor |

**TO ALL PARTIES AND THIER ATTORNEYS OF RECORD HEREIN:**

Plaintiff, Nicole Shaw-Owens, through her counsel of record herein, on the date and time set forth above, or as soon thereafter as counsel may be heard, will and hereby does move the Court, pursuant to Federal Rule 16(b) for an Order granting Plaintiff leave to file a Third Amended Complaint.  This motion is based upon this Notice of Motion and Motion, the Declaration of Dow W. Patten filed herewith, and the arguments of counsel. A copy of the Proposed Third Amended Complaint is attached to the Declaration of Dow W. Patten as Exhibit "A".

1

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, Nicole Shaw-Owens (hereafter"Plaintiff" or "Ms. Shaw-Owens"), by and through her counsel of record, moves the Court for leave to amend her Complaint to add a 42 U.S.C. §1983 claim for violation of her constitutional rights guaranteed by the First Amendment to the United States Constitution against Defendant SFSU and to add the individual Defendant Michael Martin.

## I.   INTRODUCTION

Plaintiff seeks to leave of Court to file her Third Amended Complaint to add a Violation of Civil Rights Claim under 42 U.S.C. §1983. The Third Amended Complaint adds the following additional claim:

**SIXTH CLAIM**
**VIOLATION OF CIVIL RIGHTS, FIRST AMENDMENT**
**42 U.S.C. §1983**
**(Alleged Against Defendants SFSU and MARTIN)**

94. As a sixth, separate and distinct claim, Plaintiff complains of Defendants SFSU and MARTIN and for a claim alleges:

95. Plaintiff realleges the factual allegations of paragraphs 1 through 93 above as though fully set forth herein.

96. Plaintiff's civil rights were violated by Defendants based on a pattern and practice and policy of the defendant SFSU as implemented by Defendant MARTIN to discriminate, retaliate, discredit and defame plaintiff because of plaintiff's continued reporting and investigation of budgetary fraud at SFSU.

97. The foregoing conduct; i.e., the issuance of untimely performance evaluations for periods of time where the manager never supervised or managed the employee, the issuance of one-person reductions-in-force, and the lack of protection from adverse action for engaging reporting and investigating budgetary fraud at SFSU constituted a practice and part of a policy of defendant SFSU through its authorized agents MARTIN, to discredit and exert reprisals against persons speaking out about budgetary fraud at SFSU.

98. As a result of Defendants' conduct, plaintiff experienced severe humiliation, anxiety, fear, headaches, pain, loss of enjoyment of life, lost wages and lost earning capacity as a result of Defendants' wrongful acts.

2

99. By virtue of the conduct set forth above, defendant MARTIN, individually and in his managerial capacity on behalf of defendant SFSU, under did subject plaintiff to deprivation of substantive due process rights secured by the Fourteenth Amendment of the United States Constitution in violation of 42 U.S.C. Sec. 1983.  Said conduct constituted discriminatory, arbitrary and capricious action, carried out under color of state law.

100. The adverse employment actions set forth above, including the termination of plaintiff's employment was in retaliation for Plaintiff's exercise of her rights secured by the First Amendment to the United States Constitution to speak out about budgetary fraud, and to investigate and report the same as a matter of public concern.

101. As a proximate and direct result of Defendants' actions, Plaintiff suffered loss, injury and damage in an amount to be determined according to proof at trial.

Patten Declaration, Exhibit "A".   Good cause exists for this amendment and Defendant does not oppose the motion.  The amendment will not prejudice Defendant and the amendment is not futile. For the reasons set forth below, Plaintiff respectfully requests the Court grant her leave to file a Third Amended Complaint.

## II.    LAW AND ARGUMENT

Fed. R. Civ. P. 16(b) governs the amendment of pleadings once the time for amending under the court's Rule 16 scheduling order has lapsed. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. Cal. 1992). Rule 16 is primarily concerned with the existence of "good cause" for the amendment. After "good cause" has been established, the liberal amendment policy of Fed. R. Civ. P. 15(a) applies. Under that rule, leave to amended shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 230 (1962). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order…will not be disturbed unless they evidence a clear abuse of discretion." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985); *Johnson,* 975 F.2d at 607.

MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT                    C13-2627-SI

### A.  Good Cause Exists For The Proposed Amendment

The relevant inquiry under Rule 16(b) is the diligence of the party seeking the amendment and not any potential prejudice to the opposing party. *Johnson*, 975 F.2d at 609. In other words, the Court must evaluate "the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citing *Johnson*, 975 F.2d at 609).   Any prejudice to the opposing party can be an additional reason to deny a motion to amend, but it is not the main focus of the Court's inquiry. *Johnson*, 975 F.2d at 609.

In *United States v. Dang*, 488 F.3d 1135, 1142-43 (9th Cir. 2007), the Ninth Circuit held that a district court did not abuse its discretion despite allowing the government to amend the pleadings after the deadline set in the pre-trial scheduling order because "the court granted the motion based on an overall evaluation of [t]he rights of the parties, the ends of justice, and judicial economy." The court held this way despite the argument that the facts and theories underlying the amendments were available to the government since the inception of the action. *Ibid*. "[A] district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order." *Ibid*. (*quoting Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)).

As set forth above, the new claim sought to be added by amendment arises out of the same transactions and occurrences as Plaintiff's original complaint.  Plaintiff has brought the present motion while fact discovery is still open, and nearly five months prior to the date set for trial in this matter.   In the interests of judicial economy, the Court should permit the amendment to address in one action all the parties' claims with respect to Plaintiff's employment.

MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT          C13-2627-SI

The amendment is sought in good faith in order to resolve all claims in one action between the parties, and for no other purpose.   Plaintiff requests that based upon the overall evaluation of the ends of justice and judicial economy, the Court grant Plaintiff leave to amend.

**B.      Plaintiff's Motion to Amend Should Be Granted Pursuant to Fed. R. Civ. P. 15.**

After the Court has made a determination of good cause under Rule 16(b), the Court considers whether amendment of the complaint is appropriate under the liberal pleading standards of Rule 15. *Johnson,* 975 F.2d at 608.   The Ninth Circuit, in applying Rule 15, has recognized that "the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F.R.Civ.P., by freely granting leave to amend when justice so requires." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (*citing Foman v. Davis*, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)).   While noting that the decision to grant or deny leave to amend is within the sound discretion of the trial court, the Ninth Circuit has stated that leave to amend should be freely given in the absence of prejudice to the opposing party. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).  Whether to grant or deny a motion for leave to amend is generally determined by reference to the following factors: undue delay, bad faith, futility of amendment, prejudice to the opposing party, and repeated failure to cure deficiencies by amendments previously allowed. *Foman*, 371 U.S. at 182; *see also Keniston*, 717 F.2d at 1300; *Howey*, 481 F.2d at 1190.

Here, there has been no undue delay.  Plaintiff is not seeking the amendment in bad faith nor is the amendment futile as the claims are supported by substantial evidence. Accordingly, this amendment is made in good faith and it is in the interest of justice.

**C.      The Amendment Will Not Prejudice Defendant**

The filing of Plaintiff's Third Amended Complaint will not prejudice Defendant in any way.  Plaintiff raised the question of leave to include her 42 U.S.C. §1983 claim with counsel

5

after Plaintiff took the deposition of Michael Martin, Plaintiff's former supervisor, on March 19, 2014.  Mr. Martin's testimony revealed that Plaintiff's protected speech related to her investigations of malfeasance at the university did not occur as part of her job duties. (*See* Patten Decl., Exh. "C," Michael Martin Deposition 30:5-14; 87:13-88:18.)  Defendant has agreed to the amendment, and the amended complaint will not result in additional discovery to Defendants. (*See* Patten Decl., Exh. "B").

### D.      The Amendment Will Not Be Futile

Plaintiff's 42 U.S.C. §1983 claim will not be futile based upon the violation of her First Amendment rights.  Plaintiff took the deposition of her former supervisor, Mr. Martin, who testified that at the time Plaintiff was hired, he was not concerned about fraud, but only the level of spending and whether the budget was being managed appropriately. (*Id.* at 18:24-19:2; 20:6-10, 21:1-8.)   Plaintiff's job responsibilities were to manage and oversee the department's procurement process, utilization of space and resources, and help facilitate changes in the human resources department. (*Id.* at 30:5-14.) Plaintiff came to Mr. Martin with concerns about inaccuracies and over-spending for hazardous waste within the first six months of her job. (*Id.* at 30:19-33:7.) Mr. Martin testified that they requested Plaintiff perform a review of invoicing and records regarding the hazardous waste at the University. (*Id.* at 34:17-21; 42:18-22.) Plaintiff discovered that the University was over-spending approximately $1 million for hazardous waste by being overcharged for rates by CHMT, and engaged in protected speech concerning the misuse of public funds at a public university, a classic matter of public concern that is entitled to First Amendment protection. (*Id.* at 39:17-24; 43:9-15.)

## IV.      CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff leave to file her Third Amended Complaint.

1   Dated: April 25, 2014                    Respectfully Submitted,

2                                               _/s/ Dow W. Patten_____

3                                            Dow W. Patten, Esq.
                                             Attorneys for Plaintiff
4                                            NICOLE SHAW-OWENS

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT                    C13-2627-SI